**REAMS et, Plaintiffs-Appellants, v. HENNEY, Admr., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4406. Decided June 5, 1950.

Clifford L. Rose, Daniel E. Bevis, Columbus, for plaintiffs-appellants.

Roscoe R. Walcutt, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio, which directed a verdict in favor of the defendant in an action for waste.

The plaintiffs-appellants are the children of Paulus Ziegler,

who died in 1929 leaving a will in which he left a life estate in a piece of real estate to his wife, Maria Louise Ziegler, and after her death devised the property to the plaintiffs share and share alike. The widow died on the 26th day of January, 1948, and thereafter the defendant-appellee, Alfred J. Henney, was appointed administrator of her estate by the Probate Court of Franklin County, Ohio.

In the amended petition the plaintiffs alleged that while the life tenant was in possession of the real estate in question she committed waste by failing to keep said real estate in reasonable repair; that because of said waste they were damaged in the amount of $2,863.00. For their second cause of action plaintiffs allege that under the will of her husband Maria Louise Ziegler was given all his furniture and household goods for and during her natural life, which she had converted to her own use. The defendant in his amended answer set up several defenses, among which was the four-year statute of limitations, and a general denial.

It is contended by the plaintiffs, and the proof indicates, that this action was for "permissive" waste rather than "voluntary" waste. In **Vol. 40, O. Jur., page 1329,** voluntary and permissive waste are defined as follows:

"Voluntary waste is wilful waste, such as pulling down or razing houses, or cutting down timber trees. Permissive waste arises from the neglect, omission, sufferance, or permission of the tenant in failing to preserve or protect the estate of inheritance."

The evidence shows that the life tenant failed during her tenancy to make reasonable repairs and allowed the property to become in a bad state of repair. There is no evidence to support the charge that she committed "voluntary waste."

The plaintiffs' action was instituted under the provisions of §10503-23 GC, which provides as follows:

"A tenant for life in real property, who commits or suffers waste thereto, shall forfeit that part of the real property of which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder. Such tenant also will be liable in damages to the person having the immediate estate in reversion or remainder for the waste committed or suffered thereto."

This section is applicable to both "voluntary" and "permis-

sive" waste. The word "committed" refers to voluntary waste, and the word "suffered" refers to permissive waste.

The trial court held that §11224 GC, **Paragraph 4,** was the applicable statute of limitations and that the action was barred in four years after the right of action accrued. In our opinion the trial court properly applied this statute of limitations.

The plaintiffs introduced evidence to show in detail the dilapidated condition of the premises at the time the life tenancy was terminated. The plaintiffs were unable to furnish proper proof of items of waste which had been suffered during the four year period immediately preceding the bringing of the action. There was some evidence as to the reasonable market value of the property after the termination of the life tenancy but there was no proof as to the value of the property at the beginning of the four year period immediately preceding the institution of the action. Plaintiffs sought to introduce testimony of a contractor as to the cost of placing the property in reasonable repair. An objection to the introduction of this evidence was sustained and the plaintiffs proffered this testimony. The proffered testimony is not confined to the cost of repair due to the waste suffered within the four year period. In applying the four year statute of limitations the trial court ruled that the plaintiffs' right of action was barred for damages for any waste suffered prior to the beginning of the four year period immediately preceding the institution of the action. The plaintiffs not being able to offer proof as to the items of waste suffered within the four year period, the trial court directed a verdict for the defendant.

The plaintiffs assign as error: The judgment is not sustained by sufficient evidence and is contrary to law; and that the court erred in excluding evidence offered by the plaintiffs and in directing a verdict for the defendant.

The record shows that there was a failure of proof with respect to the second cause of action and it appears that counsel are not pressing plaintiffs' right to recover for conversion of furniture and household goods.

The principal question for determination is whether the trial court properly applied the four year statute of limitations to the evidence in this case, and whether it properly excluded the evidence proffered by the plaintiffs. The action was instituted within four years after the death of the life tenant. The contention of the plaintiffs is that if the action is instituted within the statutory period of time after the death of the life tenant, they are permitted to show the condition of the premises at the termination of the

life tenancy and will be permitted to recover damages by reason of any waste suffered during the entire period of the life tenancy. There is no case law in Ohio touching this precise question. Counsel for the plaintiffs cite the case of Prescott v. Grimes, 143 Ky. 191, 136 S. W. 206, which holds that:

"As it is the duty of the life tenant to so manage the property as to leave it in a reasonable condition of repair at the expiration of his tenancy, the plea of the statute of limitations cannot avail. The duty of the tenant is to leave the property in reasonable condition and repair at the end of the term, and this duty keeps pace with the life of the tenancy. It is an ever-present, existing duty, and when the court comes to enforce this duty, the inquiry is not when the waste occurred, or how long it has been permitted to run, but what is the extent thereof, and what sum will be required to make the necessary repairs. During the life of the tenancy there is no limitation to the time within which the action to compel reparation for permissive waste must be commenced."

It is pointed out, however, that in Kentucky the statute gave a right of action only for voluntary waste. Any doubt on this question was set at rest in Fisher's Extr. v. Haney, 180 Ky. 257, 202 S. W. 495, in which the court distinguished betweeen voluntary and permissive waste and the application of the statute of limitations to the two types of actions. In that case the third and fourth paragraphs of the syllabus are as follows:

"If a tenant for life commits voluntary waste, the remaindermen may, at once, under section 2328 of the Kentucky Statutes bring an action for damages, and limitation begins to run from the time when the voluntary waste complained of was committed; and under section 2515 of the Kentucky Statutes, the action must be brought within five years from the date the cause of action accrued.

"A cause of action to recover damages for permissive waste does not begin to run until the estate of the life tenant has terminated and the action may be brought within five years after that date to recover damages for permissive waste committed at any time during the life tenancy."

The Kentucky statute which authorized an action to be brought for waste is as follows:

"If any tenant for life or years shall commit waste during

his estate or term, or anything belonging to the tenement so held, without special license, in writing so to do, he shall be subject to an action of waste, shall lose the thing wasted, and pay treble the amount at which the waste shall be assessed."

This section of the Kentucky statute authorizes an action to be brought for voluntary waste. It does not authorize an action to be brought for permissive waste. It is apparent that the provisions of the statute in Ohio and the statute in Kentucky are dissimilar in that the Ohio statute covers both voluntary and permissive waste, whereas the Kentucky statute only covers voluntary waste.

It is urged by counsel for the plaintiffs that the breach of duty of the life tenant is continuing and that if the action is brought within four years after the termination of the tenancy evidence is admissible with respect to any waste which has been suffered regardless of the time such waste occurred. On the other hand counsel for the defendant contends that under §10503-23 GC, the tenant is liable in damages for any waste committed or suffered and that since the statute makes the tenant liable the right of action accrues against the tenant at the time the waste is committed or suffered; that evidence as to items of waste committed or suffered prior to the beginning of the four year period immediately preceding the institution of the action would be inadmissible for the reason that the right of action to damages for such items of waste would be barred by the statute of limitations. This was the view of the trial court. The issues presented in this case do not require a discussion respecting the nature of the remedy given to the reversioner against a life tenant in Ohio prior to the enactment of Section 4177 R. S. on March 19, 1887 (now §10503-23 GC). On this matter see **Allen v. McCoy, 8 Ohio 418; Stauffer v. Eaton, 13 Ohio 322; Crockett v. Crockett, 2 Oh St 181; Jenks, et al. v. Langdon, et al., 21 Oh St 362, Vol. 40 O. Jur. page 1328.** A similar question was raised and decided in the case of Sherrill v. Connor. 107 N. C. 630, 637, 12 S. E. 588, in which it was held that an action for damages for items of permissive waste suffered prior to the beginning of the three year period of the statute of limitations could not be maintained. The court, on page 637, says:

"We think that his Honor erred when he told the jury that, on account of the continuous character of the injury, no statute of limitations applied to the permissive waste.

While we find no direct authority upon the question, the general principles governing the assessment of damages, and the application of them in other analogous cases, lead us to a conclusion very different."

In that case, as in the case at bar, it was contended that to so construe the statute would require an action to be brought after each item of waste was committed or suffered and would cause a multiplicity of suits. The court, on page 638, in discussing this contention, stated:

"It being apparent that, from the nature of the case, the liability for permissive waste to the same building may be the subject of separate actions, where it is continued after one recovery, we can see no reason why his Honor should not have limited the extent of the recovery by the plaintiffs, laboring under no disability, such as prevented the statute from running to three years before the action was brought. They had the right to bring an action and adjust liabilities at any time after dower was assigned in 1866. There would have been no greater inconvenience in ascertaining the exact status of a building at the time of assessment heretofore, if an action had been brought, than would arise should the plaintiffs, in future, find, on bringing another action, alleging that the defendant had suffered buildings to be injured still more for want of repair since the damage had been ascertained in this action."

In our opinion the plaintiffs' right of action was barred four years after the right of action accrued; that the right of action accrued under §10503-23 GC, at the time waste was committed or suffered with respect to the right to damages for that particular item of waste; that the plaintiffs were confined in the introduction of the evidence to items of waste committed or suffered within four years immediately preceding the institution of the action. The trial court did not err in excluding the proffered testimony and directing a verdict for the defendant. The judgment of the trial court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.